

U.S. Department of Justice

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*     *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 21, 2021

J. Thomas Kerner, Esq.
240 Commercial Street, Suite 5A
Boston, MA 02109

      Re:    United States v. Hassan Monroe
                 Criminal No. 20-10136-RGS-3

Dear Mr. Kerner:

      The Acting United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Hassan Monroe ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.    <u>Change of Plea</u>

      Defendant will waive Indictment and plead guilty to the Superseding Information charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Two). Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

      2.    <u>Penalties</u>

      Defendant faces the following mandatory minimum and maximum penalties on Count One of the Superseding Information: incarceration for at mandatory minimum term of five years, up to forty years; supervised release for at least four years up to life; a fine of $5,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Superseding Information.

      Defendant faces the following maximum penalties for Count Two: incarceration for ten years; supervised release for three years; a fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Superseding Information.

3.  Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 27:

a) Defendant's drug and gun convictions form a single group (USSG § 3D1.2);[1]

b) Defendant's base offense level is 28, because Defendant is responsible for over one kilogram of cocaine and 200 grams of cocaine base (USSG § 2D1.1(c)(8));

c) Defendant's offense level is increased by two levels, because Defendant possessed a dangerous weapon (USSG § 2D1.1(b)(1)); and

d) Defendant's offense level is decreased by three levels, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

---

[1] Defendant's adjusted offense level of 30 for his conviction under 21 U.S.C. § 846 is the same as the adjusted offense level of 30 for his conviction under 18 U.S.C. § 922(g)(1), which is determined as follows:

a) Defendant's base offense level is 20, because Defendant's offense involved a semiautomatic firearm that was capable of accepting a large capacity magazine and Defendant was a prohibited person at the time of the offense (USSG § 2K2.1(a)(4)(B);

b) Defendant's offense level is increased by four levels, because Defendant's offense involved nine firearms (USSG § 2K2.1(b)(1)(B));

c) Defendant's offense level is increased by two levels, because Defendant's offense involved a firearm that was stolen (USSG § 2K2.1(b)(4)(A)); and

d) Defendant's offense level is increased by four levels, because Defendant possessed a firearm in connection with another felony offense (i.e., the conspiracy charged in Count One) (USSG § 2K2.1(b)(6)(B)).

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration at the low end of the Guidelines sentencing range as calculated by the parties;

b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 48 months of supervised release;

d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

e) forfeiture as set forth in Paragraph 6.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) He will not challenge his <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes</u>

3

<u>his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. $34,200 in United States currency, seized on or about June 24, 2020, from Hassan Monroe in Quincy, Massachusetts;

b. a Phoenix, .22 caliber pistol, bearing serial number 4396345, seized on or about June 24, 2020, in Quincy, Massachusetts;

c. ten (10) rounds of .22 caliber ammunition, seized on or about June 24, 2020, in Quincy, Massachusetts;

d. a Taurus, .40 caliber pistol, bearing serial number SMR95649, seized on or about June 24, 2020, in Quincy, Massachusetts;

e. nine (9) rounds of .40 caliber ammunition, seized on or about June 24, 2020, in Quincy, Massachusetts;

f. a Smith & Wesson, 9 mm pistol, model M&P, bearing serial number HSJ2353, seized on or about February 28, 2020;

g. ten (10) rounds WCC brand, 9 mm ammunition and five (5) rounds Speer brand, 9 mm ammunition, seized on or about February 28, 2020;

h. a black, high capacity, Smith & Wesson magazine, seized on or about February 28, 2020;

i. a black, 2009 Audi A-8, bearing VIN WAUMV94E59N003017, seized on or about February 28, 2020;

j. a Smith & Wesson, .40 caliber pistol, model SW40VE, bearing serial number FXH7412, seized on or about February 28, 2020;

k. a Smith & Wesson, .38 caliber revolver, Model 60, bearing serial number R109724, seized on or about February 28, 2020;

l. a Taurus, .45/410g revolver, model "Judge," bearing serial number GZ877312, seized on or about February 28, 2020;

m. a SigSauer, .40 caliber pistol, model P229, bearing serial number AK15302, seized on or about February 28, 2020;

n. an H&R .22 Long Rifle revolver, model Sportsman Double Action, bearing serial number 63539, seized on or about February 28, 2020;

o. a Glock, .40 caliber pistol, model 23, bearing serial number TCW487, seized on or about February 28, 2020;

p. three (3) Colt .45 caliber rounds of ammunition, seized on or about February 28, 2020;

q. two (2) .410 caliber rounds of ammunition, seized on or about February 28, 2020;

r. fifteen (15) .357 caliber rounds of ammunition, seized on or about February 28, 2020;

s. thirty-two (32) .40 caliber rounds of ammunition, seized on or about February 28, 2020;

t. twenty-four (24) .38 caliber rounds of ammunition, seized on or about February 28, 2020;

u. eighteen (18) 9mm caliber rounds of ammunition, seized on or about February 28, 2020;

v. thirty-eight (38) .32 caliber rounds of ammunition, seized on or about February 28, 2020;

w. one (1) 7.65 caliber round of ammunition, seized on or about February 28, 2020;

x. sixteen (16) .25 caliber rounds of ammunition, seized on or about February 28,

  2020;

y. fifty-two (52) .22 caliber rounds of ammunition, seized on or about February 28, 2020;

z. forty-two (42) 12-gauge shotgun shells, seized on or about February 28, 2020;

aa. twenty (20) rounds of American Eagle .38 caliber ammunition, seized on or about February 28, 2020;

bb. thirty-nine (39) rounds of Remington .40 caliber ammunition, seized on or about February 28, 2020;

cc. one hundred (100) rounds of Remington 9mm ammunition, seized on or about February 28, 2020; and

dd. fifty (50) rounds of Remington .40 caliber ammunition, seized on or about February 28, 2020.

  Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense; or they were used to facilitate Defendant's offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

  Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

  If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Timothy E. Moran.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By:   s/ Glenn A. MacKinlay
    GLENN A. MACKINLAY
    Chief, Organized Crime and Gang Unit

TIMOTHY MORAN
Digitally signed by TIMOTHY MORAN
Date: 2021.05.25 10:30:19 -04'00'

TIMOTHY E. MORAN
KAITLIN R. O'DONNELL
Assistant U.S. Attorneys

Case 1:20-cr-10136-RGS   Document 366   Filed 06/14/21   Page 9 of 9

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
HASSAN MONROE
Defendant

Date: 6/1/2021

I certify that Hassan Monroe has read this Agreement and that we have discussed what it means. I believe Hassan Monroe understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
J. THOMAS KERNER
Attorney for Defendant

Date: 6/1/21

9